# EXHIBIT 1

**LEX LUMINA LLP**
Rhett O. Millsaps II (SBN: 348949)
rhett@lex-lumina.com
700 S. Flower Street, Suite 100
Los Angeles, CA 90017
Telephone: (213) 600-6063
Fax: (646) 906-8657

Christopher J. Sprigman (appearing pro hac vice)
chris@lex-lumina.com
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055
Fax: (646) 906-8657

**HARRIS ST. LAURENT LLP**
Jonathan Harris (appearing pro hac vice)
jon@hs-law.com
Ashley Robinson (appearing pro hac vice)
arobinson@hs-law.com
40 Wall Street, 53rd Floor
New York, NY 10005
Telephone: (212) 397-3370
Fax: (212) 202-6206

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TRUE FOOTAGE INC,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMAX AI INC.; AUTOMAX AI (US) INC.; and HUMZA AHMED,<br><br>Defendants. | Case No.: 3:26-cv-3418-AGT<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORY REQUESTS, SET ONE (NOS. 1-8)** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Northern District of California (the "Local Rules"), Defendants Automax AI Inc., Automax AI (US) Inc., and Humza Ahmed (collectively, "Defendants"), by and through their undersigned attorneys, hereby respond and object to Plaintiff True Footage Inc.'s Interrogatory Requests to Defendants, Set One (Nos. 1-8) served by electronic mail on July 28, 2026 (the "Interrogatories," each an "Interrogatory").

**GENERAL RESPONSES AND OBJECTIONS**

These Responses and Objections are based on information currently available to Defendants based on a reasonable inquiry and investigation. Defendants reserve the right to amend, supplement, and/or modify their Responses and Objections at any time if they obtain additional or different information as discovery continues.

Nothing in Defendants' Responses and Objections herein shall be construed as a waiver of Defendants' rights to (i) object on the grounds of competency, relevance, materiality, hearsay, or any other proper grounds, to the use of any information provided in these responses for any purpose, in whole or in part, in any subsequent stage or proceeding in this or any other action; (ii) object on any grounds to any request for further responses to Plaintiff's First Set of Interrogatory Requests or any other discovery requests; or (iii) assert the attorney-client privilege, the work-product doctrine, or any other applicable privilege or right against disclosure.

Defendants do not concede the relevance, materiality, or admissibility of any information sought in Plaintiff's First Set of Interrogatory Requests. Defendants' Responses and Objections are without waiver or limitation of Defendants' right to object on grounds of relevance, privilege, or admissibility of evidence for any purpose, or any other ground to the use of any information provided or referred to in their Responses and Objections, in discovery or in any proceeding, or at the trial of this or any other action.

Defendants' Responses and Objections do not constitute, and shall not be interpreted as, Defendants' agreement with, or admission as to the truth or accuracy of, any legal or factual characterizations or allegations stated or implied in any specific Interrogatory. The failure of Defendants to object to any specific Interrogatory, Definition, or Instruction on a particular ground

shall not be construed as a waiver of their rights to object on any additional ground(s). Defendants reserve the right to amend and/or supplement their Responses and Objections at any time consistent with further investigation and discovery.

## GENERAL OBJECTIONS

Defendants assert the following General Objections with respect to each Definition, Instruction, and Request:

1. Defendants object to the Interrogatories as premature given the parties' competing proposals for the scope and timing of discovery set forth in the Joint Case Management Conference Statement they submitted to the Court (ECF No. 40), and particularly Defendants' request that the Court limit initial discovery to issues pertaining only to the basis for True Footage's Copyright Claims.[1] Defendants will not respond to these Interrogatories unless and until the Court orders otherwise.

2. Defendants object to each and every Interrogatory insofar as any such Interrogatory seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Such information will not be provided in response to the Interrogatories, and any inadvertent disclosure or production thereof shall not operate as a waiver of such privileges or doctrines.

3. Defendants object to the Instructions and Definitions to the extent that the Instructions or Definitions purport to enlarge, expand, or in any way alter Defendants' obligations under Federal Rules of Civil Procedure 26, 33 and/or 34, the Local Rules, the Court's Scheduling Order, or any protective order entered in this case.

4. Defendants object to the Instructions and Definitions to the extent that the Instructions or Definitions purport to enlarge, expand, or in any way alter the plain meaning and scope of any specific Interrogatory on the ground that such enlargement, expansion, or alteration renders said Interrogatory vague, ambiguous, unintelligible, unduly broad, and uncertain.

5. These Responses and Objections are based on reasonable, proportional, and diligent

[1] Specifically, Defendants have requested that the Court limit initial discovery to the issues of (i) what portions, if any, of Plaintiff's works registered with the U.S. Copyright Office Plaintiff alleges Defendants copied and (ii) whether and how Defendants had access to those materials.

efforts to provide discovery. Defendants object to each Interrogatory to the extent that it is unduly burdensome or seeks information not material or necessary to the prosecution or defense of this action.

6. Defendants object to each Interrogatory to the extent that it seeks information that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

7. Defendants object to the Interrogatories to the extent that they purport to require them to furnish answers on the basis of documents and information that are outside their possession, custody, or control.

8. Defendants object to the Interrogatories to the extent that they are vague, ambiguous, overly broad, and/or unduly burdensome.

9. Defendants object to the Interrogatories to the extent that they request information already in Plaintiff's possession, custody, or control; information that is publicly available; information to which Plaintiff has equal or greater access; and/or information that can be obtained through other means of discovery that are more convenient, less burdensome, or less expensive.

10. Defendants object to the Interrogatories to the extent that they seek information that could be obtained by a more appropriate mode of discovery, are redundant or duplicative of information already obtained, are premature, are unnecessarily cumulative, and/or are more easily obtained from some other source that is more convenient, less burdensome, or less expensive.

11. Defendants object to the Interrogatories to the extent that they are duplicative or designed to harass.

12. Defendants object to the Interrogatories to the extent that they are argumentative by assuming the existence of facts not in the record or that Defendants dispute, and/or constitute an inaccurate characterization of the facts or a legal conclusion. Defendants do not admit, adopt, or acquiesce in any factual or legal contention, assertion, characterization, or implication in the Interrogatories, nor do they do so by responding to the Interrogatories.

13. Defendants object to the Interrogatories to the extent that they seek proprietary or confidential business information, trade secrets, or other sensitive information. To the extent that the response to any Interrogatory requires disclosure of any non-privileged proprietary or confidential business information, trade secrets, or other sensitive information, Defendants will produce such information only in accordance with a stipulated protective order to be agreed upon by the parties and entered by the Court.

14. Discovery is ongoing in this matter, and the following responses are based on Defendants' present state of recollection, knowledge, and belief. These responses are subject to additional or different information that discovery may disclose, and as such, Defendants reserve the right to supplement these objections and/or responses as they discover additional information. Defendants reserve the right to rely on facts, documents, or other evidence that may develop or come to their attention at a later time.

15. By responding to these Interrogatories, Defendants do not waive any objections to any further discovery requests by Plaintiff, including the right to object completely or move to quash.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Defendants object to Plaintiff's Definition C ("Communications") as overly broad and unduly burdensome to the extent that it includes oral communications and other transmissions that are generally not reasonably accessible documents maintained and accessed in the usual course business, including "telephone conversations…." Defendants further object to this definition to the extent that it encompasses an unlimited universe of oral transmissions and non-oral information without limitation as to time, subject matter, or relevance. Defendants further object to this definition to the extent that it purports to include attorneys in the list of such persons and purports to require Defendants to treat their legal counsel in the same manner as other custodians of potentially responsive information. Defendants will produce documents in accordance with an ESI protocol agreed upon by the parties or ordered by the Court.

2. Defendants object to Plaintiff's Definition D ("Documents") to the extent that it exceeds the scope of Federal Rule of Civil Procedure 34. Defendants further object to this definition as overly broad and unduly burdensome to the extent that it includes information that is generally

not reasonably accessible, including without limitation information "processed by" generative artificial intelligence tools. Defendants further object to the collection and production of voicemails, text messages, instant messages, and similar communications from personal devices as overly broad and unduly burdensome, and not proportional to the needs of the case.

3. Defendants object to Plaintiff's Definition F ("including") to the extent the phrase "but not limited to" imposes obligations beyond those required by the Federal Rules of Civil Procedure. Defendants will construe the term "including" consistent with its ordinary meaning and the Federal Rules of Civil Procedure.

4. Defendants object to Plaintiff's Definition G ("person" or "persons") as overly broad and unduly burdensome to the extent it requires the search of documents concerning unspecified "natural persons" and "legal entit[ies]."

5. Defendants object to Plaintiff's Definition K ("You," "Your," "Automax," or "Defendant") to the extent that it requires the search of documents or information concerning unspecified "employees," "representatives," "agents," "officers," and "directors." Defendants further object to this definition to the extent that it purports to include attorneys in the list of such persons and purports to require Defendants to treat their legal counsel in the same manner as other custodians of potentially responsive information. Defendants will construe the terms "You," "Your," "Automax," or "Defendant" to mean Humza Ahmed, Automax AI Inc., Automax AI (US) Inc., and their officers, directors, employees, and agents acting on Defendants' behalf that are known to Defendants.

6. Defendants object to Instruction 1 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it imposes obligations beyond those required by the Federal Rules of Civil Procedure in requesting that Defendants "furnish all available information" and from "all of" Defendants' "agents, representatives, associates, investigators, or any other persons acting or purporting to act, on" Defendants' behalf.

7. Defendants object to Instruction 6 to the extent that it conflicts with the ESI protocol agreed upon by the parties or ordered by the Court.

8. Defendants object to Instruction 7 insofar as it calls for production of documents in

response to any Interrogatory.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each source or location where Copilot source code is authored or stored.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to this Interrogatory as overbroad, unduly burdensome, seeking information irrelevant to the parties' claims and defenses, and not proportional to the needs of the case to the extent that it requests that Defendants identify every source or location where Copilot source code is stored.

Subject to and without waiving the foregoing objections, including the General Objections stated above, Defendants will not respond to this Interrogatory at this time. Defendants will provide a response if the Court orders full discovery to proceed.

**INTERROGATORY NO. 2:**

Identify each computer or physical device used to store or communicate information used in the development of Copilot.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to this Interrogatory as overbroad, unduly burdensome, seeking information irrelevant to the parties' claims and defenses, and disproportionate to the needs of the case to the extent that it requests that Defendants identify every computer or physical device used to store or communicate information used in the development of Copilot and to the extent that it calls for information about the development of Copilot features or functions that are unrelated to Plaintiff's claims.

Subject to and without waiving the foregoing objections, including the General Objections stated above, Defendants will not respond to this Interrogatory at this time. Defendants will provide a response if the Court orders full discovery to proceed.

**INTERROGATORY NO. 3:**

Identify each time that You accessed Humza Ahmed's True Footage account, including the computer or physical device, including mobile devices, from which the account was accessed, and

each person (by name, title, and date of access) who accessed the account.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not appropriately tailored to seek information that has probative value sufficient to necessitate the associated burden in producing it.

Subject to and without waiving the foregoing objections, including the General Objections stated above, Defendants will not respond to this Interrogatory at this time. Defendants will provide a response if the Court orders full discovery to proceed.

**INTERROGATORY NO. 4:**

For each of Automax's directors, officers, employees, contractors, or agents that used ephemeral or auto-deleting messaging applications after October 1, 2025, identify the messaging application and the person or persons who used it.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to this Interrogatory as harassing, overbroad, unduly burdensome, seeking information irrelevant to the parties' claims and defenses, and disproportionate to the needs of the case because it is not appropriately tailored to seek information that has probative value sufficient to necessitate the associated burden in producing it.

Subject to and without waiving the foregoing objections, including the General Objections stated above, Defendants will not respond to this Interrogatory at this time. Defendants will provide a response if the Court orders full discovery to proceed.

**INTERROGATORY NO. 5:**

If, after October 1, 2025, You have modified, deleted, destroyed, or otherwise failed to preserve any Document or Communication related to True Footage, TrueTracts, the development of Copilot, or this Matter: identify each such Document or Communication, including by (i) title, (ii) creation date, (iii) the format (hard copy or ESI file type); (iv) a statement of whether you retain an unmodified copy in Your possession, custody, or control today, (v) a description of how the Document or Communication was modified, destroyed, lost, overwritten, or otherwise failed to be preserved, including who took or failed to take such actions and when.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this Interrogatory as harassing, overbroad, unduly burdensome, seeking information irrelevant to the parties' claims and defenses, and disproportionate to the needs of the case to the extent that it requests information regarding modifications to Copilot that are unrelated to Plaintiff's claims. Defendants further object to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that the requests are not limited in time and go beyond the period when Defendants had a duty to preserve information related to Plaintiff, TrueTracts, or this Matter.

Subject to and without waiving the foregoing objections, including the General Objections stated above, Defendants will not respond to this Interrogatory at this time. Defendants will provide a response if the Court orders full discovery to proceed.

**INTERROGATORY NO. 6:**

For each physical device in Your possession, custody, or control that You used to store or communicate a Document or Communication related to the development of Copilot or otherwise related to this Matter, identify when that physical device (if ever) was decommissioned, reimaged, disposed of, wiped, or replaced.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to this Interrogatory as overbroad, unduly burdensome, seeking information irrelevant to the parties' claims and defenses, and disproportionate to the needs of the case to the extent that it requests that Defendants identify every physical device used to store or communicate information used in the development of Copilot and to the extent that it calls for information about the development of Copilot features or functions that are unrelated to Plaintiff's claims.

Subject to and without waiving the foregoing objections, including the General Objections stated above, Defendants will not respond to this Interrogatory at this time. Defendants will provide a response if the Court orders full discovery to proceed.

**<u>INTERROGATORY NO. 7:</u>**

Identify all Communications between You and a professional real estate appraiser relating to True Footage or TrueTracts, including but not limited to Communications with Benjamin Onega or Matthew Belanger.

**<u>RESPONSE TO INTERROGATORY NO. 7:</u>**

Defendants object to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it requests that Defendants identify "all Communications…."

Subject to and without waiving the foregoing objections, including the General Objections stated above, Defendants will not respond to this Interrogatory at this time. Defendants will provide a response if the Court orders full discovery to proceed.

**<u>INTERROGATORY NO. 8:</u>**

For each generative artificial intelligence product (including, but not limited to, large language models and image diffusion models) that You used to develop, improve, or modify any of Your products or services, describe with specificity how to access and recover for examination the queries to, prompts of, and responses of that product.

**<u>RESPONSE TO INTERROGATORY NO. 8:</u>**

Defendants object to this Interrogatory as overbroad, unduly burdensome, seeking information irrelevant to the parties' claims and defenses, and disproportionate to the needs of the case to the extent that it requests that Defendants identify every generative artificial intelligence product used to develop, improve, or modify "any of" Defendants' "products or services…."

Subject to and without waiving the foregoing objections, including the General Objections stated above, Defendants will not respond to this Interrogatory at this time. Defendants will provide a response if the Court orders full discovery to proceed.

Dated: August 27, 2026

LEX LUMINA LLP

By: /s/ *Rhett O. Millsaps II*

Rhett O. Millsaps II (SBN: 348949)
rhett@lex-lumina.com
700 S. Flower Street, Suite 100
Los Angeles, California 90017
Telephone: (213) 600-6063
Fax: (646) 906-8657

Christopher J. Sprigman (appearing pro hac vice)
chris@lex-lumina.com
745 Fifth Avenue, Suite 500
New York, New York 10151
Telephone: (646) 898-2055
Fax: (646) 906-8657

HARRIS ST. LAURENT LLP

Jonathan Harris (appearing pro hac vice)
jon@hs-law.com
Ashley N. Robinson (appearing pro hac vice)
arobinson@hs-law.com
40 Wall Street, 53rd Floor
New York, New York 10005
Telephone: (212) 397-3370
Fax: (212) 202-6206

*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I declare that on August 27, 2026, a copy of the foregoing Defendants' Responses and Objections to Plaintiff's Interrogatory Requests, Set One (Nos. 1-8) was served upon Plaintiff True Footage, Inc. by sending a copy of the same by email to Plaintiff's counsel of record, who consented to service by email, at the following email addresses:

Garner F. Kropp (gkropp@fenwick.com)
Gregory P. Adams (gadams@fenwick.com)
Samantha Cox-Parra (scox-parra@fenwick.com)
Todd Richard Gregorian (tgregorian@fenwick.com)

/s/ *Rhett O. Millsaps II*
Rhett O. Millsaps

**LEX LUMINA LLP**
Rhett O. Millsaps II (SBN: 348949)
rhett@lex-lumina.com
700 S. Flower Street, Suite 100
Los Angeles, CA 90017
Telephone: (213) 600-6063
Fax: (646) 906-8657

Christopher J. Sprigman (appearing pro hac vice)
chris@lex-lumina.com
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055
Fax: (646) 906-8657

**HARRIS ST. LAURENT LLP**
Jonathan Harris (appearing pro hac vice)
jon@hs-law.com
Ashley Robinson (appearing pro hac vice)
arobinson@hs-law.com
40 Wall Street, 53rd Floor
New York, NY 10005
Telephone: (212) 397-3370
Fax: (212) 202-6206

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

TRUE FOOTAGE INC,

Plaintiff,

v.

AUTOMAX AI INC.; AUTOMAX AI (US) INC.; and HUMZA AHMED,

Defendants.

Case No.: 3:26-cv-3418-AGT

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE (NOS. 1-7)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Northern District of California (the "Local Rules"), Defendants Automax AI Inc., Automax AI (US) Inc., and Humza Ahmed (collectively, "Defendants"), by and through their undersigned attorneys, hereby respond and object to Plaintiff True Footage Inc.'s Requests for Production to Defendants, Set One (Nos. 1-7) served by electronic mail on July 28, 2026 (the "Requests", each a "Request").

**GENERAL RESPONSES AND OBJECTIONS**

These Responses and Objections are based on information currently available to Defendants based on a reasonable inquiry and investigation. Defendants reserve the right to amend, supplement, and/or modify their Responses and Objections at any time if they obtain additional or different information as discovery continues.

Subject to the following Responses and Objections to the Definitions and Instructions in the Requests, and unless stated otherwise, Defendants will produce to Plaintiff, on a rolling basis, within a reasonable time and pursuant to a schedule ordered by the Court for the completion of fact discovery, copies of non-privileged, responsive documents within Defendants' possession, custody, or control. All productions made by Defendants to Plaintiff will be in accordance with a stipulated protective order to be agreed upon by the parties and entered by the Court as well as an ESI protocol agreed upon by the parties or ordered by the Court.

Nothing in Defendants' Responses and Objections herein shall be construed as a waiver of Defendants' rights to (i) object on the grounds of competency, relevance, materiality, hearsay, or any other proper grounds, to the use of any information provided in these responses for any purpose, in whole or in part, in any subsequent stage or proceeding in this or any other action; (ii) object on any and all grounds, at any time, during any discovery proceeding relating to the subject matter of these documents in this action or any other action; (iii) object on any grounds to any request for further responses to Plaintiff's First Set of Requests for Production or any other discovery requests; or (iv) assert the attorney-client privilege, the work-product doctrine, or any other applicable privilege or right against disclosure.

Defendants do not concede the relevance, materiality, or admissibility of any information or

documents sought in Plaintiff's First Set of Requests for Production. Defendants' Responses and Objections are without waiver or limitation of Defendants' right to object on grounds of relevance, privilege, or admissibility of evidence for any purpose, or any other ground to the use of any information or documents provided or referred to in their Responses and Objections, in discovery or in any proceeding, or at the trial of this or any other action.

Defendants' Responses and Objections do not constitute, and shall not be interpreted as, Defendants' agreement with, or admission as to the truth or accuracy of, any legal or factual characterizations or allegations stated or implied in any specific Request. The failure of Defendants to object to any specific Request, Definition, or Instruction on a particular ground shall not be construed as a waiver of their rights to object on any additional ground(s). Defendants reserve the right to amend and/or supplement their Responses and Objections at any time consistent with further investigation and discovery.

## GENERAL OBJECTIONS

Defendants assert the following General Objections with respect to each Definition, Instruction, and Request:

1. Defendants object to the Requests as premature given the parties' competing proposals for the scope and timing of discovery set forth in the Joint Case Management Conference Statement they submitted to the Court (ECF No. 40), and particularly Defendants' request that the Court limit initial discovery to issues pertaining only to the basis for True Footage's Copyright Claims.[1] Defendants will not search for and produce any documents in response to these Requests unless and until the Court orders otherwise.

2. Defendants object to the Requests to the extent that they require Defendants to produce documents at the time of their Responses and Objections. Defendants will make their document production by electronic means in stages, as they collect and review potentially responsive documents pursuant to an ESI protocol agreed upon by the parties or ordered by the Court, if and when the Court orders full discovery to proceed.

---

[1] Specifically, Defendants have requested that the Court limit initial discovery to the issues of (i) what portions, if any, of Plaintiff's works registered with the U.S. Copyright Office Plaintiff alleges Defendants copied and (ii) whether and how Defendants had access to those materials.

3. Defendants object to the Definitions and Instructions to the extent that they purport to impose obligations on Defendants that exceed the requirements or permissible scope of discovery under the Federal Rules, the Local Rules, or any applicable Order of the Court or agreement between the parties.

4. These Responses and Objections are based on reasonable, proportional, and diligent efforts to provide discovery. Defendants object to each Request to the extent that it is unduly burdensome or seeks documents or information not material or necessary to the prosecution or defense of this action.

5. Defendants object to each Request to the extent that it seeks documents or communications that are not in Defendants' possession, custody, or control, and/or to the extent that any such Request seeks documents within the possession, custody, or control of Plaintiff or more accessible to Plaintiff, on the grounds that each such Request would impose a greater burden upon Defendants than any obligation imposed by law, would subject Defendants to unreasonable and undue burden and expense, and/or would seek to impose upon Defendants an obligation to investigate or obtain discovery information or materials from third parties or persons who are equally accessible to Plaintiff.

6. Defendants object to the Requests to the extent that they request information already in Plaintiff's possession, custody, or control; information that is publicly available; information to which Plaintiff has equal or greater access; and/or information that can be obtained through other means of discovery that are more convenient, less burdensome, or less expensive.

7. Defendants object to the Requests to the extent that they seek discovery of information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges or protections against disclosure ("Privileged Information"). Defendants will not disclose or produce Privileged Information and reserve the right to redact Privileged Information from any otherwise responsive document produced in response to any Request. No response to the Requests is intended to or shall operate as a waiver by Defendants of the attorney-client privilege, work-product doctrine, or any other applicable privilege, doctrine, or immunity protecting communications or documents from disclosure. Any production of Privileged

Information is inadvertent and shall not constitute a waiver of the privilege with respect to the subject matter addressed therein.

8. Unless otherwise stated, no Response or Objection (or lack thereof) shall be deemed an admission that Defendants have any responsive documents in their possession, custody, or control, or to the existence of any documents or information sought in a particular Request, to the relevance or admissibility of any documents or information, or to the truth or accuracy of any statement or characterization contained in any particular Request.

9. Defendants object to the Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, cumulative, duplicative, not reasonably focused, not relevant to the claims or defenses in this litigation, not reasonably calculated to lead to the discovery of evidence that is relevant to the claims or defenses in this litigation, not proportional to the needs of the case, or seek information for an improper purpose.

10. Defendants object to the Requests to the extent that they are argumentative by assuming the existence of facts not in the record or that Defendants dispute, and/or constitute an inaccurate characterization of the facts or a legal conclusion. Defendants do not admit, adopt, or acquiesce in any factual or legal contention, assertion, characterization, or implication in the Requests, nor do they do so by producing documents or information, if any, in response to the Requests.

11. Defendants object to the Requests to the extent that they call for information that is cumulative or duplicative of any other Request, in whole or in part. Where information is responsive to more than one Request, Defendants will respond only once.

12. Defendants object to the Requests to the extent that they call for production of documents, including electronically stored information, from sources that are not reasonably accessible and where retrieval of such materials is unduly burdensome.

13. Defendants object to the Requests to the extent that they seek information not already existing in documentary form. Defendants have no obligation to create documents in response to the Requests.

14. Defendants object to each Request to the extent that they seek proprietary or

confidential business information, trade secrets, or other sensitive information. To the extent that the response to any Request requires disclosure of any non-privileged proprietary or confidential business information, trade secrets, or other sensitive information, Defendants will produce such information, reserving the right to redact information from documents to the extent necessary to prevent harm to Defendants from disclosure of such information, only in accordance with a stipulated protective order to be agreed upon by the parties and entered by the Court.

15. Defendants object to each Request that seeks "all" documents or communications on a respective topic without limitation to the extent it would require Defendants to search each and every document in Defendants' possession, custody, or control. Searching exhaustively for each and every responsive document concerning any topic imposes an undue burden and expense on Defendants and is not proportional to the needs of the case. Defendants will not withhold any documents based on this objection; however, Defendants will only conduct reasonable, good-faith, proportionate searches for responsive documents, as further detailed in the specific objections and responses below, and consistent with an ESI protocol agreed upon by the parties or ordered by the Court.

16. By responding to these Requests, Defendants do not waive any objections to any further discovery requests by Plaintiff, including the right to object completely or move to quash.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Defendants object to Plaintiff's Definition C ("Communications") as overly broad and unduly burdensome to the extent that it includes oral communications and other transmissions that are generally not reasonably accessible documents maintained and accessed in the usual course business, including "telephone conversations…." Defendants further object to this definition to the extent that it encompasses an unlimited universe of oral transmissions and non-oral information without limitation as to time, subject matter, or relevance. Defendants further object to this definition to the extent that it purports to include attorneys in the list of such persons and purports to require Defendants to treat their legal counsel in the same manner as other custodians of potentially responsive information. Defendants will produce documents in accordance with an ESI protocol agreed upon by the parties or ordered by the Court.

2. Defendants object to Plaintiff's Definition D ("Documents") to the extent that it exceeds the scope of Federal Rule of Civil Procedure 34. Defendants further object to this definition as overly broad and unduly burdensome to the extent that it includes information that is generally not reasonably accessible, including without limitation information "processed by" generative artificial intelligence tools. Defendants further object to the collection and production of voicemails, text messages, instant messages, and similar communications from personal devices as overly broad and unduly burdensome, and not proportional to the needs of the case.

3. Defendants object to Plaintiff's Definition F ("including") to the extent the phrase "but not limited to" imposes obligations beyond those required by the Federal Rules of Civil Procedure. Defendants will construe the term "including" consistent with its ordinary meaning and the Federal Rules of Civil Procedure.

4. Defendants object to Plaintiff's Definition G ("person" or "persons") as overly broad and unduly burdensome to the extent it requires the search of documents concerning unspecified "natural persons" and "legal entit[ies]."

5. Defendants object to Plaintiff's Definition K ("You," "Your," "Automax," or "Defendant") to the extent that it requires the search of documents or information concerning unspecified "employees," "representatives," "agents," "officers," and "directors." Defendants further object to this definition to the extent that it purports to include attorneys in the list of such persons and purports to require Defendants to treat their legal counsel in the same manner as other custodians of potentially responsive information. Defendants will construe the terms "You," "Your," "Automax," or "Defendant" to mean Humza Ahmed, Automax AI Inc., Automax AI (US) Inc., and their officers, directors, employees, and agents acting on Defendants' behalf that are known to Defendants.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

Each version of each of Your document retention and destruction policies in effect from October 1, 2025 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to this Request as overbroad. Subject to and without waiving that objection and the General Objections stated above, Defendants will conduct reasonable, good-faith, proportionate searches and produce non-privileged documents, if any, in their possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents concerning the destruction, deletion or failure to preserve any Document related to the development of Copilot or otherwise related to this Matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to this Request as argumentative and to the extent that it assumes facts not in the record—and Defendants dispute such assumption. Subject to and without waiving those objections and the General Objections stated above, Defendants will conduct reasonable, good-faith, proportionate searches and produce non-privileged documents, if any, in their possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show each preservation, backup, archiving, or auto-deletion setting for each communication application (including email systems or messaging applications) that You used to send or receive a Document related to the development of Copilot or this Matter, including Documents sufficient to show each time from October 1, 2025 to present when such setting(s) were modified.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not appropriately tailored to seek information that has probative value sufficient to necessitate the associated burden in producing it. Subject to and without waiving those objections and the General Objections stated above, Defendants will conduct reasonable, good-faith, proportionate searches and produce non-privileged documents, if any, in their possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show all means through which Humza Ahmed or any other Automax employees communicated with third-parties, including appraisers Benjamin Onega and Matthew Belanger, concerning True Footage, TrueTracts, or the development of Copilot.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not appropriately tailored to seek information that has probative value sufficient to necessitate the associated burden in producing it. Defendants further object on the basis that this Request is not limited to any particular time period. Subject to and without waiving those objections and the General Objections stated above, Defendants will conduct reasonable, good-faith, proportionate searches and produce non-privileged documents, if any, in their possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning the decommissioning, reimaging, erasure, or disposal of any physical device that You used to store a Document related to True Footage, TrueTracts, the development of Copilot, or this Matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants object to this Request as argumentative and to the extent that it assumes facts not in the record—and Defendants dispute such assumption. Subject to and without waiving those objections and the General Objections stated above, Defendants will conduct reasonable, good-faith, proportionate searches and produce non-privileged documents, if any, in their possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Each forensic image of a physical device that You created after March 27, 2026.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants object to this Request as argumentative and to the extent that it assumes facts not in the record—and Defendants dispute such assumption. Defendants further object to this Request as grossly overbroad in that it seeks production of substantial information not relevant to the parties'

claims or defenses and that constitutes confidential, proprietary, and trade-secret-protected information, and as disproportionate to the needs of the case because it is not appropriately tailored to seek information that has probative value sufficient to necessitate the associated burden in producing it. Defendants will not produce forensic images of their electronic devices, if any exist.

**REQUEST FOR PRODUCTION NO. 7:**

For each generative artificial intelligence product (including, but not limited to, large language models and image diffusion models) that You used to develop or modify Copilot, Documents sufficient to show the retention period in effect on March 26, 2026 for Your prompts, queries, and outputs for that product, and any changes made to that retention period after such date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants object to this Request as vague, overbroad, and disproportionate to the needs of the case because it is not appropriately tailored to seek information that has probative value sufficient to necessitate the associated burden in producing it. Subject to and without waiving those objections and the General Objections stated above, Defendants will conduct reasonable, good-faith, proportionate searches and produce non-privileged documents, if any, in their possession, custody, or control that are responsive to this Request.

Dated: August 27, 2026

LEX LUMINA LLP

By: /s/ *Rhett O. Millsaps II*
Rhett O. Millsaps II (SBN: 348949)
rhett@lex-lumina.com
700 S. Flower Street, Suite 100
Los Angeles, California 90017
Telephone: (213) 600-6063
Fax: (646) 906-8657

Christopher J. Sprigman (appearing pro hac vice)
chris@lex-lumina.com
745 Fifth Avenue, Suite 500
New York, New York 10151
Telephone: (646) 898-2055
Fax: (646) 906-8657

HARRIS ST. LAURENT LLP

Jonathan Harris (appearing pro hac vice)
jon@hs-law.com
Ashley N. Robinson (appearing pro hac vice)
arobinson@hs-law.com
40 Wall Street, 53rd Floor
New York, New York 10005
Telephone: (212) 397-3370
Fax: (212) 202-6206

*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I declare that on August 27, 2026, a copy of the foregoing Defendants' Responses and Objections to Plaintiff's Requests for Production, Set One (Nos. 1-7) was served upon Plaintiff True Footage, Inc. by sending a copy of the same by email to Plaintiff's counsel of record, who consented to service by email, at the following email addresses:

Garner F. Kropp (gkropp@fenwick.com)
Gregory P. Adams (gadams@fenwick.com)
Samantha Cox-Parra (scox-parra@fenwick.com)
Todd Richard Gregorian (tgregorian@fenwick.com)

/s/ *Rhett O. Millsaps II*
Rhett O. Millsaps II