UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUE FOOTAGE INC.,<br>Plaintiff,<br>v.<br>AUTOMAX AI INC., et al.,<br>Defendants. | Case No. 26-cv-03418-AGT<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 50 |

Plaintiff True Footage Inc. asks the Court to enter an order directing Defendants Automax AI Inc., Automax AI (US) Inc., and Humza Ahmed to preserve evidence. The Court denies Plaintiff's request.

The parties generally agree that courts considering a preservation order should assess (i) the degree of concern that evidence will be destroyed, (ii) the risk of irreparable harm to the requesting party, and (iii) the preserving party's capability to maintain the evidence in question. *Al Otro Lado, Inc. v. Nielsen*, 328 F.R.D. 408, 416 (S.D. Cal. 2018) (citation omitted); *see also Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004) (different phrasing).

Here, Plaintiff hasn't shown a "specific, imminent threat supported by the record" that spoliation is occurring or imminent. *Capricorn Power*, 220 F.R.D. at 437-38. Its concerns are (i) that this case involves "young people without litigation experience," and (ii) that Defendants haven't responded in enough detail to its inquiries about the specific preservation measures Defendants are taking. Dkt. 50 at 2-3. However, Plaintiff points to no precedent justifying a preservation order based on a party's age or experience, nor does it cite

authority entitling it to the "specific assurances" it's sought. *Id.* at 2-3. For their part, Defendants are represented by experienced counsel, have assured Plaintiff they intend to take steps to preserve evidence and follow applicable law, and have stated their willingness to negotiate an ESI protocol in good faith. Dkt. 50 at 5. The undersigned finds that, at this stage, Plaintiff hasn't carried its burden to show that spoliation is occurring or imminent.

After a complaint is filed, a party is under a duty to preserve evidence that is relevant or could reasonably lead to the discovery of admissible evidence; this duty, plus the threat of sanctions, is sufficient to secure evidence preservation in most cases. *Bright Solutions for Dyslexia, Inc. v. Doe 1*, No. 15-CV-01618-JSC, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015). Greater preservation measures aren't currently warranted here.

Plaintiff's request is denied, without prejudice to its renewal if a legitimate basis for a protective order arises.

This order disposes of dkt. 50.

**IT IS SO ORDERED.**

Dated: October 13, 2026

Alex G. Tse
United States Magistrate Judge